UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | |
| | : | Bankruptcy Case Number |
| ZENITH ELECTRONICS CORPORATION, | | 99-2911 (MFW) |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| KELLY BEAUDIN STAPLETON, | : | |
|   United States Trustee for Region 3, | | |
| | : | |
|   Appellant | | |
| | : | |
| v. | | C.A. Number 99-747 (GMS) |
| | : | |
| THE OFFICIAL COMMITTEE | | |
|   OF EQUITY SECURITY HOLDERS | : | |
| | | |
|   Appellee. | : | |

| | | |
|---|---|---|
| KELLY BEAUDIN STAPLETON, | : | |
|   United States Trustee for Region 3, | | |
| | : | |
|   Appellant | | |
| | : | |
| v. | | C.A. Number 00-399 (GMS) |
| | : | |
| THE UNOFFICIAL COMMITTEE | | |
| OF EQUITY SECURITY HOLDERS, *et al.,* | : | |
| | | |
|   Appellees. | : | |

**MOTION OF THE UNITED STATES TRUSTEE TO REOPEN CASE NUMBER 99-747
FOR THE LIMITED PURPOSE OF VACATING THIS COURT'S JUNE 29, 2000
ORDER DIRECTING JOINT ADMINISTRATION OF THE CASE WITH
<u>CASE NO. 00-399</u>**

1

In support of her motion to reopen case number 99-747 for the limited purpose of vacating this Court's June 29, 2000 order directing joint administration of the case with case number 00-399, Kelly Beaudin Stapleton, United States Trustee for Region 3 ("UST"), by and through her counsel, avers:

## BACKGROUND

*The Equity Committee Appeal (99-747 (GMS))*

1. On August 27, 1999, the United States Bankruptcy Court for the District of Delaware issued an order granting the Unofficial Committee of Equity Holders (the "Unofficial Committee") of Zenith Electronics Corporation's Motion to Appoint an Official Committee of Equity Security Holders (the "Official Committee").

2. On August 31, 1999, the UST appealed to this Court from the Bankruptcy Court's August 27, 1999 order granting the Unofficial Committee's Motion to Appoint an Official Committee of Equity Security Holders (the "Equity Committee Appeal").

3. On November 5, 1999, this Court docketed the Equity Committee Appeal and assigned Civil Action Number 99-747 to the appeal.

*The Substantial Contribution Appeal (00-399 (GMS))*

4. On February 7, 2000, the Bankruptcy Court issued an order approving the First and Final Applications of Professionals and Members of the Committee of Equity Security Holders for Allowance of Compensation and Reimbursement of Expenses. The first paragraph of the February 7 order provided for certain payments to professionals employed by the Unofficial Committee on grounds that the Unofficial Committee made a "substantial contribution" in the bankruptcy case. See 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4).

5. On February 22, 2000, the UST appealed to this Court from the first paragraph of the bankruptcy court's February 7, 2000 order approving the First and Final Applications of Professionals and Members of the Committee of Equity Security Holders for Allowance of Compensation and Reimbursement of Expenses (the "Substantial Contribution Appeal").

6. On April 14, 2000, this Court docketed the Substantial Contribution appeal and assigned Civil Action Number 00-399 to the appeal.

6. On April 21, 2000, the UST filed a motion to procedurally consolidate the Substantial Contribution Appeal with the Equity Committee Appeal.

7. On June 29, 2000, this Court issued an order granting the UST's motion to procedurally consolidate the Substantial Contribution Appeal with the Equity Committee Appeal.

*Motions to Dismiss and Subsequent Appellate Litigation*

8. The Official Committee subsequently filed two motions to dismiss the appeals; the Official Committee moved to dismiss the Equity Committee Appeal on constitutional mootness grounds and the Substantial Contribution Appeal on equitable mootness grounds. On February 11, 2002, this Court issued a Memorandum and Order granting the Official Committee's motions.

9. The UST subsequently appealed to the United States Court of Appeals for the Third Circuit from this Court's February 11 ruling. The UST elected not to prosecute the Equity Committee Appeal, but did prosecute the Substantial Contribution Appeal. On May 21, 2003, the United States Court of Appeals issued an opinion and judgment reversing this Court's February 11, 2002 order as it related to the Substantial Contribution Appeal.

10. On July 14, 2003, the Third Circuit issued its mandate with respect to the May 21 ruling, and the case was remanded to this Court. Previously, the UST filed its initial brief in the

Substantial Contribution Appeal. To date, several years after the applicable briefing deadline has passed, none of the professionals employed by the Unofficial Committee have filed briefs.

11. On September 16, 2004, this Court entered an order directing that cause be shown why the case should not be dismissed. A true and correct copy of that show cause order is attached hereto an Exhibit "A."

12. By letter dated November 4, 2004, the UST submitted a response to this Court's show cause order confirming her understanding that the show cause order applied only to case number 99-747, the matter she had elected not to pursue on appeal; the UST's November 4, 2004 letter appears on the docket of this case at docket entries 25 and 26. A true and correct copy of the UST's November 4, 2004 letter is attached hereto as Exhibit "B." In the letter, the UST also stated her intention to seek entry of an order vacating the order directing joint administration of the Substantial Contribution Appeal and the Equity Committee Appeal.

13. On July 8, 2005, the Clerk's office apparently effected an administrative closing of case number 99-747.

## GROUNDS/BASIS FOR RELIEF

14. The UST seeks an order from this court terminating the joint administration of case number 99-747 (the Equity Committee Appeal) with case number 00-399 (the Substantial Contribution Appeal). Given that the UST elected not to prosecute the Equity Committee appeal before the Third Circuit, the UST does not oppose closing of case number 99-747. However, case number 00-399, in which the UST has filed an unopposed initial brief, is pending.

15. The applicable Federal Rule(s) permit this Court to issue appropriate orders to facilitate case administration. This Court should issue an order re-opening case number 99-747 for

the limited purpose of ending its procedural consolidation with case number 00-399.

16.  Pursuant to Local Rule 7.1.2, the UST believes that the issue presented by this Motion does not require briefing at this time; however, if Appellees should elect to submit briefs in opposition to this Motion, the UST reserves her rights to submit a responsive brief.

## CONCLUSION

WHEREFORE the UST requests that this Court issue an order re-opening case number 99-747 for the limited purpose of vacating its June 29, 2000 order procedurally consolidating the case with case number 00-399.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**


BY:  /s/ Margaret L. Harrison  for
      Joseph J. McMahon, Jr., Esquire
      Trial Attorney
      United States Department of Justice
      Office of the United States Trustee
      J. Caleb Boggs Federal Building
      844 King Street, Suite 2207, Lockbox 35
      Wilmington, DE  19801
      (302) 573-6491
      (302) 573-6497 (Fax)

Date:  July 20, 2005