UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | ) |
| | ) Bankruptcy Case Number |
| ZENITH ELECTRONICS CORPORATION, | ) 99-2911 (MFW) |
| | ) |
| Debtor. | ) |
| | ) |
| KELLY BEAUDIN STAPLETON, | ) |
| United States Trustee for Region 3, | ) |
| | ) |
| Appellant | ) |
| | ) |
| v. | ) C.A. Number 99-747 (GMS) |
| | ) C.A. Number 00-399 (GMS) |
| THE OFFICIAL COMMITTEE | ) (Consolidated) |
| OF EQUITY SECURITY HOLDERS, | ) |
| | ) |
| Appellee. | ) |
| | ) |

**OBJECTION OF KATTEN MUCHIN ROSENMAN LLP AND SAUL EWING LLP
TO THE MOTION OF THE UNITED STATES TRUSTEE TO REOPEN
CASE NUMBER 99-747 FOR THE LIMITED PURPOSE OF VACATING
THIS COURT'S JUNE 29, 2000 ORDER DIRECTING JOINT ADMINISTRATION
OF THE CASE WITH CASE NO. 00-399**

Katten Muchin Rosenman LLP and Saul Ewing LLP (together, the "Professionals"), professionals retained by the Official Committee of Equity Security Holders of Zenith Electronics Corporation (the "Official Committee") and the Unofficial Committee of Equity Security Holders of Zenith Electronics Corporation (the "Unofficial Committee"), hereby object to the Motion of the United States Trustee to Reopen Case Number 99-747 for the Limited Purpose of Vacating this Court's June 29, 2000 Order Directing Joint Administration of the Case with Case No. 00-399 (the "Motion to Reopen"). In support of this Objection, the Professionals respectfully state as follows:

## I. INTRODUCTION

1. The United States Trustee for Region 3 (the "UST") seeks to reopen Case No. 99-747, which, by the UST's own admission, it does not elect to pursue. Rather, the Motion to Reopen is an attempt by the UST to resurrect a five-year old dispute concerning approximately $76,500 of compensation awarded to three professionals retained by the Unofficial Committee for their substantial contribution to a bankruptcy case that has been substantially consummated and closed for several years. The circumstances of this case, including the procedural posture and the UST's failure to prosecute, do not justify reopening Case No. 99-747. As discussed below, the Motion should be denied.

## II. PROCEDURAL BACKGROUND

2. Before the formation of the Official Committee, the Professionals performed certain professional services for the Unofficial Committee.[1] On August 27, 1999, over the objection of the UST, the Bankruptcy Court issued an order granting the Unofficial Committee's Motion (the "Committee Motion") to Appoint the Official Committee. Recognizing the value of the services performed by the Professionals for the Unofficial Committee, the Official Committee retained the Professionals with the approval of the Bankruptcy Court.

3. On August 31, 1999, the UST appealed to this Court from the Bankruptcy Court's August 27, 1999 order granting the Committee Motion (the "Equity Committee Appeal"). On November 5, 1999, this Court docketed the Equity Committee Appeal and assigned it Case No. 99-747.

---

[1] At that time, Katten Muchin Rosenman LLP's name was Katten Muchin Zavis. In March 2002, the firm became Katten Muchin Zavis Rosenman. Saul Ewing LLP was formerly known as Saul, Ewing, Remick & Saul.

4. On February 7, 2000, the Bankruptcy Court issued an order approving the First and Final Applications of Professionals and Members of the Committee of Equity Security Holders for Allowance of Compensation and Reimbursement of Expenses (the "Compensation Order"). The first paragraph of the Compensation Order awarded compensation of approximately $76,500 to the Professionals "in consideration for their making a substantial contribution" in the bankruptcy case as provided for by 11 U.S.C. §§ 503(b)(3)(D).[2]

5. On February 22, 2000, the UST also appealed to this Court from the first paragraph of the Compensation Order (the "Substantial Contribution Appeal"). On April 14, 2000, this Court docketed the Substantial Contribution Appeal and assigned it Case No. 00-399.

6. On April 21, 2000, the UST filed a motion to procedurally consolidate the Substantial Contribution Appeal with the Equity Committee Appeal. On June 29, 2000, this Court issued an order granting the UST's motion to procedurally consolidate the Substantial Contribution Appeal with the Equity Committee Appeal.

7. The Official Committee subsequently filed two motions to dismiss the appeals; the Official Committee moved to dismiss the Equity Committee Appeal on constitutional mootness grounds, and the Substantial Contribution Appeal on equitable mootness grounds. On February 11, 2002, this Court issued a Memorandum and Order granting the Official Committee's motions to dismiss.

8. On February 11, 2002, this Court closed both Case Nos. 99-747 and 00-399.

9. The UST subsequently appealed to the United States Court of Appeals for the Third Circuit from this Court's February 11, 2002 ruling granting the Official Committee's motions. The UST elected not to pursue the Equity Committee Appeal, but pursued the

---

[2] Specifically, the Bankruptcy Court awarded $45,000 to Ernst & Young, $22,500 to Katten, $9,000 to Saul, and $867.15 to the Committee Members.

Substantial Contribution Appeal. On May 21, 2003, the United States Court of Appeals issued an opinion and judgment reversing this Court's February 11, 2002 order as it related to the Substantial Contribution Appeal.

10. On July 15, 2003, the matter was remanded to this Court, and Case No. 99-747 was reopened.

11. On September 16, 2004, this Court entered an order (the "Order to Show Cause," a copy of which is attached hereto as Exhibit A) directing that good cause be shown as to why the case should not be dismissed. In the preamble to the Order to Show Cause, this Court found that since the case was reopened on July 15, 2003, "the court's docket reflects no further contact with the court by the parties." The Order to Show Cause further provided "[t]he Appellant is directed to SHOW GOOD CAUSE, in writing, within thirty (30) days from the date of this Order, as to why the above-captioned case should not be dismissed for failure to prosecute. Order to Show Cause ¶ 1.

12. On November 4, 2004, forty-nine (49) days after the entry of the Show Cause Order, and nineteen (19) days after the deadline set by this Court for responding to the Show Cause Order, the UST filed a letter response (the "Letter Response," a copy of which is attached hereto as Exhibit B) in Case No. 99-747. The Letter Response alleges incorrectly that the Show Cause Order notes that the UST appealed from this Court's Memorandum Opinion and Order in both Case Nos. 99-747 and 00-399. In fact, the Show Cause Order contains no reference to Case No. 00-399. The Letter Response alleges incorrectly that Case No. 00-399 remains pending. In fact, Case No. 00-399 has remained closed since February 2, 2002. Finally, the Letter Response alleges incorrectly that the UST is filing the Letter Response in both cases. In fact, the Letter Response does not appear on the docket of Case No. 00-399.

13. The UST alleged in the Letter Response that it elected not to pursue the Equity Committee Appeal, and "intends to seek an entry of an order decoupling case number 99-747 from 00-399 in the near future." Letter Response p. 2.

14. On November 5, 2004, this Court closed Case No. 99-747 for a second time.[3]

15. On July 20, 2005, <u>more than eight months after the date of the Letter Response and the closure of Case No. 99-747</u>, the UST filed the Motion to Reopen. In the Motion to Reopen, the UST requests that this Court reopen Case No. 99-747 "for the limited purpose of vacating its June 29, 2000 order procedurally consolidating the case with Case No. 00-399." Motion to Reopen p. 5. As it did in the Letter Response, the UST alleges incorrectly that Case No. 00-399 is pending. As authority for its request, the UST alleges that "[t]he applicable Federal Rule(s) permit this Court to issue appropriate order to facilitate case administration." *Id.* at 4.

### III. OBJECTION

16. Rule 41.1 of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware provides as follows:

> All cases are reviewed periodically as to status by the judge to whom they are assigned, and counsel shall be required to explain any delay. Subject to the provisions of Fed. R. Civ. P. 23 and 23.1, in each case pending wherein no action has been taken for a period of 3 months, the Court may, on its motion or upon application of any party, and after reasonable notice, enter an order dismissing such case unless good reason for the inaction is given. An application for a continuance shall not be deemed to be action precluding such dismissal. After any such application or notice from the Court, no application for a continuance or any proceeding taken under the discovery rules shall be deemed to toll the application of this Rule.

D. DEL. LR. 41.1.

---

[3] The case docket is unclear as to precise date the case was closed. The "Date Filed" date for the closure is November 11, 2004; the "Entered" date is July 8, 2005. According to a representative from the Court's Clerk's Office, the case was in fact closed on November 11, 2004, and the "Entered" text is result of electronic filing issues.

17. On September 16, 2004, recognizing the UST's failure to take any action in this matter since it was remanded on July 15, 2003, this Court correctly issued its Order to Show Cause to the UST. The UST failed to respond timely to the Order to Show Cause. When the UST responded, its only excuse for not prosecuting its appeal was the Letter Response – a document riddled with confusion.[4] Indeed, by the Letter Response, the UST confirmed it elected not to pursue Case No. 99-747.

18. The sole reason the UST articulates for reopening Case No. 99-747 is for the limited purpose of ending its procedural consolidation with Case No. 00-399. Case No. 00-399, however, is not pending; it is closed, and has been closed since February 11, 2002. Given the lapse of time and the UST's failure to prosecute this appeal, the Professionals assert there is no basis to open Case No. 00-399. Thus, there is no basis for reopening Case No. 99-747.

## IV. CONCLUSION

19. Because the UST failed to respond adequately to the Order to Show Cause, and because Case No. 00-399 is closed (and should remain closed), the circumstances of this case do not justify granting the Motion to Reopen.

[Remainder Intentionally Blank]

---

[4] *See* paragraph 12 above.

**WHEREFORE,** the Professionals respectfully request that this Court deny the Motion to Reopen, and grant such other and further relief as the Court deems just and proper.

Dated: August 1, 2005

Respectfully Submitted,

**KATTEN MUCHIN ROSENMAN LLP**

By: /s/
John P. Sieger (Ill. #6240033)
Matthew A. Olins (Ill. #6275636)
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
Facsimile: (312) 902-1061
Email: john.sieger@kattenlaw.com

And

**SAUL EWING LLP**

By: /s/
Norman L. Pernick (ID 2917)
J. Kate Stickles (ID 2917)
222 Delaware Avenue
Suite 1200
Wilmington, Delaware
Telephone: (302) 421-6873
Facsimile (201) 421-5879
Email: npernick@saul.com
Email: kstickles@saul.com