UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| *In re* | : | |
| | : | Bankruptcy Case Number |
| ZENITH ELECTRONICS CORPORATION, | | 99-2911 (MFW) |
| | : | |
| Debtor. | : | |

| | | |
|---|---|---|
| KELLY BEAUDIN STAPLETON, | : | |
| United States Trustee for Region 3, | | |
| | : | |
| Appellant | | |
| | : | |
| v. | | C.A. Number 99-747 (GMS) |
| | : | |
| THE OFFICIAL COMMITTEE | | |
| OF EQUITY SECURITY HOLDERS | : | |
| | | |
| Appellee. | : | |

| | | |
|---|---|---|
| KELLY BEAUDIN STAPLETON, | : | |
| United States Trustee for Region 3, | | |
| | : | |
| Appellant | | |
| | : | |
| v. | | C.A. Number 00-399 (GMS) |
| | : | |
| THE UNOFFICIAL COMMITTEE | | |
| OF EQUITY SECURITY HOLDERS, *et al.,* | : | |
| | | |
| Appellees. | : | |

**MOTION OF THE UNITED STATES TRUSTEE
FOR APPROVAL OF STIPULATION RESOLVING APPEALS**

In support of her motion for approval of the stipulation resolving the above-captioned

appeals, Kelly Beaudin Stapleton, United States Trustee for Region 3 ("U.S. Trustee"), by and

1

through her counsel, avers:[1]

## INTRODUCTION/BACKGROUND

*The Equity Committee Appeal (99-747 (GMS))*

1.      On August 27, 1999, the United States Bankruptcy Court for the District of Delaware issued an order granting the Unofficial Committee of Equity Holders (the "Unofficial Committee") of Zenith Electronics Corporation's Motion to Appoint an Official Committee of Equity Security Holders (the "Official Committee").

2.      On August 31, 1999, the U.S. Trustee appealed to this Court from the Bankruptcy Court's August 27, 1999 order granting the Unofficial Committee's Motion to Appoint an Official Committee of Equity Security Holders (the "Equity Committee Appeal").

3.      On November 5, 1999, this Court docketed the Equity Committee Appeal and assigned Civil Action Number 99-747 to the appeal.

*The Substantial Contribution Appeal (00-399 (GMS))*

4.      On February 7, 2000, the Bankruptcy Court issued an order approving the First and Final Applications of Professionals and Members of the Committee of Equity Security Holders for Allowance of Compensation and Reimbursement of Expenses.  The first paragraph of the February 7 order provided for certain payments to professionals employed by the Unofficial Committee on grounds that the Unofficial Committee made a "substantial contribution" in the bankruptcy case. *See* 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4).

5.      On February 22, 2000, the U.S. Trustee appealed to this Court from the first

---

[1]

The statements in the text of this motion have neither been reviewed nor adopted by the counterparties to the settlement.

2

paragraph of the Bankruptcy Court's February 7, 2000 order approving the First and Final Applications of Professionals and Members of the Committee of Equity Security Holders for Allowance of Compensation and Reimbursement of Expenses (the "Substantial Contribution Appeal").

6.     On April 14, 2000, this Court docketed the Substantial Contribution Appeal and assigned Civil Action Number 00-399 to the appeal.

7.     On April 21, 2000, the U.S. Trustee filed a motion to procedurally consolidate the Substantial Contribution Appeal with the Equity Committee Appeal.

8.     On June 29, 2000, this Court issued an order granting the U.S. Trustee's motion to procedurally consolidate the Substantial Contribution Appeal with the Equity Committee Appeal.

*Motions to Dismiss and Subsequent Appellate Litigation*

9.     The Official Committee subsequently filed two motions to dismiss the appeals; the Official Committee moved to dismiss the Equity Committee Appeal on constitutional mootness grounds and the Substantial Contribution Appeal on equitable mootness grounds.  On February 11, 2002, this Court issued a Memorandum and Order granting the Official Committee's motions.

10.     The U.S. Trustee subsequently appealed to the United States Court of Appeals for the Third Circuit from this Court's February 11 ruling.  The U.S. Trustee elected not to prosecute the Equity Committee Appeal, but did prosecute the Substantial Contribution Appeal.  On May 21, 2003, the United States Court of Appeals issued an opinion and judgment reversing this Court's February 11, 2002 order as it related to the Substantial Contribution Appeal.

11.     On July 14, 2003, the Third Circuit issued its mandate with respect to the May 21 ruling, and the case was remanded to this Court.

3

12.     On July 8, 2005, the Clerk's office apparently effected an administrative closing of case number 99-747.  The U.S. Trustee has filed a motion to reopen that case for the limited purpose of vacating the prior order consolidating the two appeals for procedural purposes.  That motion is pending before this Court.

### GROUNDS/BASIS FOR RELIEF

13.     The Equity Committee and Substantial Contribution Appeals were taken from final orders of the United States Bankruptcy Court for the District of Delaware.  Accordingly, this Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 158(a)(1).

14.     Federal Rule of Bankruptcy Procedure 8011(a) addresses motion practice in the context of appeals taken from bankruptcy court orders.  Bankruptcy Rule 8011(a) provides:

> A request for relief shall be made by filing with the clerk of the district court or the clerk of the bankruptcy appellate panel a motion for such order or relief with proof of service on all other parties to the appeal.  The motion shall contain or be accompanied by any matter required by a specific provision of these rules governing such a motion, shall state with particularity the grounds on which it is based, and shall set forth the order or relief sought.  If a motion is supported by briefs, affidavits or other papers, they shall be served and filed with the motion.  Any party may file a response in opposition to a motion other than one for a procedural order within seven days after service of the motion, but the district court or the bankruptcy appellate panel may shorten or extend the time for responding to any motion.

15.     By this motion, the U.S. Trustee requests approval of the Stipulation (attached as Exhibit A) approving the agreement reached between the U.S. Trustee and the professionals employed by the Unofficial Committee or their respective successors in interest that are parties to this appeal (namely, Katten Muchin Rosenman LLP, Saul Ewing LLP and Latham & Watkins LLP).  The agreement resolves all issues related to the above-captioned appeals.  The agreement involves

the re-opening of Case No. 99-747 for the limited purpose of considering the stipulation.  The

agreement also involves the return of a total of $25,000 to Zenith Electronics Corporation by the

three professionals.  That sum is approximately one-third of the total compensation payments to the

professionals for their services to the Unofficial Committee authorized by the Bankruptcy Court

under its February 7 order.  The U.S. Trustee submits that the proposed settlement is reasonable and

advances judicial economy by bringing the litigation in the above-captioned cases to a close.

16.     Pursuant to Local Rule 7.1.2, the U.S. Trustee believes that the issue presented by

this motion does not require briefing at this time; however, if the motion is objected to, the U.S.

Trustee reserves her rights to submit a responsive brief.

## CONCLUSION

WHEREFORE the U.S. Trustee requests that this Court approve the attached stipulation.

Respectfully submitted,

**KELLY BEAUDIN STAPLETON**
**UNITED STATES TRUSTEE**


BY:   /s/ Joseph J. McMahon, Jr.
      Joseph J. McMahon, Jr., Esquire
      Trial Attorney
      United States Department of Justice
      Office of the United States Trustee
      J. Caleb Boggs Federal Building
      844 King Street, Suite 2207, Lockbox 35
      Wilmington, DE  19801
      (302) 573-6491
      (302) 573-6497 (Fax)

Date:  January 23, 2006